CJ-2020-4603
Prince



IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| DEVON SMITH AND RICHARD GUZMAN, INDIVIDUALLY AND AS NEXT OF KIN FOR BABY SMITH, DECEASED, | ) ) ) ) ) | FILED IN DISTRICT COURT OKLAHOMA COUNTY<br><br>SEP 2 9 2020 |
| Plaintiffs, | ) CASE NO. ) | RICK WARREN COURT CLERK |
| vs. | ) ) | 111 _____ |
| GENERAL MOTORS LLC AND TRW AUTOMOTIVE INC., | ) ) ) ) | |
| Defendants. | ) | CJ-2020-4603 |

## COMPLAINT

COMES NOW Plaintiffs, DEVON SMITH and RICHARD GUZMAN and file this claim against Defendants, General Motors LLC (hereinafter "GM"), and TRW AUTOMOTIVE INC. (hereinafter "TRW") (collectively, "Defendants"). In support of their Complaint, Plaintiffs aver as follows:

## THE PARTIES

1. This is a personal injury action arising out of severe and catastrophic personal injuries suffered by Devon Smith, and the loss of the unborn child of Devon Smith and Richard Guzman, on December 21st, 2019, in Indianola, Oklahoma.

2. Devon Smith and Richard Guzman are Oklahoma residents who resides in Pittsburg County, Oklahoma.

3. Defendant GENERAL MOTORS LLC as identified in the Sale Order and Injunction of July 5, 2009 – Bankruptcy Court for the Southern District of New York, is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in the State of Michigan. GM's registered agent in this State is the Corporation Service Company, 10300

1

EXHIBIT 2

Greenbriar Avenue, Oklahoma City, Oklahoma 73159-7653, upon whom the Summons and Petition may be served, and when said agent is served with a copy of the Summons and Petition, GM will be subject to the jurisdiction and venue of this Court.

4. Defendant TRW AUTOMOTIVE INC. (referred to herein as "TRW") is a foreign corporation doing substantial business in the State of Oklahoma. TRW is organized and incorporated under the laws of the State of Delaware with its principal place of business located at 601 Abbot Road, East Lansing, Michigan 48823. TRW's registered agent in this State is The Corporation Company, 735 1st National Building, Oklahoma City, Oklahoma 7302-7412, upon whom the Summons and Petition may be served, and when said agent is served with a copy of the Summons and Petition, TRW will be subject to the jurisdiction and venue of this Court.

5. Upon information and belief, but without the benefit of fact discovery and pleading in the alternative as allowed by Oklahoma law, Defendant TRW Automotive was and is in the business of designing, testing, manufacturing, producing, promoting, advertising and/or selling motor vehicle occupant safety and the components integrated therein—including, but not limited to, the subject Chevrolet Aveo's driver's seatbelt system.

6. On December 21st, 2019, Devon Smith was the belted driver of the 2010 Chevrolet Aveo SN, VIN KL1TD5DE8AB078253. After working a 3rd shift at her hotel employment, Devon Smith was returning home. She lost control of the vehicle and entered a ditch. The vehicle rolled and Ms. Smith was ejected. She suffered severe injuries, including the loss of her unborn child.

## NATURE OF THE CLAIMS

7. The Plaintiffs bring this automotive, products liability, and negligence suit for all damages sustained and available under Oklahoma Law.

8. The claims asserted herein arise out of the design, selection, inspection, testing, manufacture, assembly, equipping, marketing, distribution, and sale of an uncrashworthy, defective, and unreasonably dangerous automobile, automobile restraint system, and automobile seat system.

## JURISDICTION AND VENUE

9. Jurisdiction and venue as to all claims is proper in Oklahoma County pursuant to 12 O.S. §141.

10. Defendants have significant personal contacts with Oklahoma and have purposely availed themselves of the benefits of being in Oklahoma and exercising jurisdiction is reasonable.

11. There is a nexus between this forum and the underlying controversy because the activities and occurrences at issue occurred here in Oklahoma; Defendants contracted to and did conduct the businesses and activities that caused the injuries – providing Devon Smith a vehicle in a non-crashworthy manner, failing to warn about the defective condition of the subject vehicle, and leaving it on the market in this state. The GM defendant contracted to and did sell and service the subject vehicle and other similar vehicles in Oklahoma. Despite becoming aware, actually or constructively, of the risks, they left the vehicle on the market.

12. Defendants carry on regular business are employed and/or habitually engage in their respective vocations by virtue of operating businesses here, selling things and providing services to people and entities here.

13. Defendants directly and by agents transact business and perform work and services in Oklahoma, contract to supply goods, services, and manufactured products in Oklahoma, caused tortious injury in Oklahoma by acts and omissions in Oklahoma, caused tortious injury in Oklahoma and/or outside of Oklahoma by an act or omission outside Oklahoma where they

3

regularly do and/or solicit business, engage in any other persistent course of conduct in the State and/or derive substantial revenue from goods, services, and/or manufactured products used or consumed in Oklahoma.

14. The amount of this claim exceeds $75,000.00.

## GENERAL ALLEGATIONS AS TO ALL COUNTS

15. On December 21st, 2019, Devon Smith was the belted driver of the 2010 Chevrolet Aveo SN, VIN KL1TD5DE8AB078253. After working a 3rd shift at her hotel employment, Devon Smith was returning home. She lost control of the vehicle and entered a ditch. The vehicle rolled and Ms. Smith was ejected. She suffered severe injuries, including the loss of her unborn child.

16. Plaintiff Devon Smith was traveling North on State Highway 113 in Indianola, Oklahoma when she lost control of the subject vehicle due to water on the roadway. The vehicle left the roadway, continued approximately 120 feet before striking a ditch. The vehicle rolled over, and Plaintiff Devon Smith was ejected.

17. Despite the fact that Plaintiff was using the seat belt assembly during this collision, the seatbelt failed and spooled out, releasing webbing into the belt system allowing Plaintiff to be ejected.

18. Further, the seatback of the subject vehicle failed rearward, allowing Plaintiff to be ejected from the vehicle. The failure of the seat system and the seat belt caused Plaintiff to suffer catastrophic injuries, and the loss of her unborn child. These enhanced injuries were caused by the defective design, selection, inspection, testing, manufacture, assembly, equipping, marketing, distribution, and sale of the 2010 Chevrolet Aveo.

4

19. At the relevant time, the 2010 Chevrolet Aveo and the components at issue in this action were in the same essential condition as they were at the time that they left the Defendants' control and were therefore reasonably expected to be capable of inflicting substantial harm.

20. The unreasonably dangerous and defective condition of the 2010 Chevrolet Aveo that existed at the time was not one contemplated by the ordinary consumer of ordinary knowledge.

21. At the time of the collision, the 2010 Chevrolet Aveo and its restraint and seat system were being used in a manner intended and reasonably anticipated by the Defendants.

22. At the time of the incident, Plaintiff, the sole occupant of the 2010 Chevrolet Aveo, was wearing her seatbelt, exercising due care, and was properly using the subject motor vehicle in the manner for which it was designed, manufactured, marketed, and sold.

23. The injuries sustained by Plaintiffs and all damages and losses, as described more fully herein, would not have occurred but for the defects present in the subject 2010 Chevrolet Aveo and its component parts, as well as the carelessness of each of the Defendants as set forth more fully herein.

24. As a direct and proximate result of Defendants' defective products and other misconduct of the Defendants, as described below, Plaintiff sustained economic and noneconomic losses he seeks to recover at a jury trial.

### COUNT I – STRICT PRODUCT LIABILITY
### GENERAL MOTORS LLC

25. Plaintiffs incorporate all paragraphs set forth herein as if restated in their entirety here.

26. At all material times, GM designed, developed, manufactured, marketed, assembled, tested, distributed, sold, and placed in the stream of commerce the subject 2010 Chevrolet Aveo.

27. At all material times, the subject 2010 Chevrolet Aveo was unreasonably dangerous and defective because it was not crashworthy for several reasons, including but not limited to:

a. The 2010 Chevrolet Aveo was not reasonably safe from an occupant safety standpoint by design;

b. The seat/seat belt system was inadequately designed so that in foreseeable collisions these components were not sufficiently strong to restrain the occupant and ameliorate, minimize or avoid catastrophic injuries;

c. The 2010 Chevrolet Aveo's restraint system was not safely designed to substantially reduce the risk of ejection and injury in the event of the failure/collapse of the seat in predictable rear end collisions;

d. GM failed to modify or redesign the 2010 Chevrolet Aveo driver's restraint system to avoid the risk of catastrophic injury in predictable collisions;

e. The 2010 Chevrolet Aveo was unreasonably dangerous in design because at the time it left the GM's control it deviated in a material way from safe performance required to mitigate and/or avoid catastrophic injury in foreseeable collisions;

f. The 2010 Chevrolet Aveo was unreasonably dangerous in design because at the time the product left GM's control there existed alternative safer designs for the product that were capable of preventing Plaintiff's ejection, injuries, and the Plaintiff's resulting losses and other damages;

g. The product was designed with an inadequate restraint system, including the seat structure and seat belt system, and Defendant GM failed to act as a reasonably prudent manufacturer and, therefore it is liable for neither properly designing the product before sale and/or for failing to provide an adequate warning of such characteristics to users of the product;

    h. By designing a seat system that was inadequate to provide intended protection in foreseeable collisions;

    i. By designing a seat system which was incapable of providing appropriate protection in foreseeable rollover collisions which involve rearward impacts;

    j. The seat system was designed so that in foreseeable collisions it would fail/deform resulting in injurious loading to the occupant and cause or increase the risk of catastrophic and/or fatal injuries;

    k. The seat system to include the seatback in the 2010 Chevrolet Aveo was unreasonably dangerous because it did not perform as safely as an ordinary consumer would expect in a foreseeable rear-end collision; and

    l. By other defective and non-crashworthy design features to be adduced and proven during the processing and trial of this case.

28. Plaintiff was injured because the 2010 Chevrolet Aveo was unsafe, unreasonably dangerous and not crashworthy.

29. Because of the defective design, manufacture, and production of the aforementioned aspects, components, and systems of the 2010 Chevrolet Aveo the vehicle was defective in design and/or manufacture and should not have been placed into the stream of commerce without design modification.

30. As a direct and proximate result of the aforementioned conduct by the Defendants, Plaintiff suffered catastrophic injuries and the Plaintiff's losses and other damages.

## COUNT II – STRICT LIABILITY
## TRW AUTOMOTIVE

31. Plaintiffs incorporate all paragraphs set forth herein as if restated in their entirety here.

32. At all material times, TRW designed, developed, manufactured, marketed, assembled, tested, distributed, sold, and placed in the stream of commerce the subject seatbelt in the 2010 Chevrolet Aveo.

33. At all material times, the seatbelt system in the subject 2010 Chevrolet Aveo was unreasonably dangerous and defective because it was not crashworthy for several reasons, including but not limited to:

   a. The seatbelt system was designed with a load limiter which was designed to release webbing into the seatbelt at a very low force.

   b. The seatbelt system was designed to spool-out in a foreseeable accident, thereby reducing and eliminating the benefit of the seatbelt in the accident.

   c. The seatbelt system failed to retain the occupant in a foreseeable accident.

   d. The seatbelt system failed to perform as an ordinary consumer would expect in a foreseeable accident.

34. Plaintiff Devon Smith was injured because the seatbelt system was unsafe, unreasonably dangerous, and not crashworthy.

35. Because of the defective design, manufacture, and production of the aforementioned aspects and components of the seatbelt systems of the 2010 Chevrolet Aveo the vehicle was defective in design and/or manufacture and should not have been placed into the stream of commerce without design modification.

36. As a direct and proximate result of the aforementioned conduct by the Defendants, Plaintiff suffered catastrophic injuries and the Plaintiff's losses and other damages.

### COUNT III - NEGLIGENCE
### GM and TRW

37. Plaintiffs incorporate all paragraphs set forth above as if restated in their entirety herein.

38. Defendants owed a duty of reasonable care in the design, development, testing, manufacture, assembly, marketing, sale and distribution of the subject 2010 Chevrolet Aveo and its safety systems so as to avoid exposing Plaintiff to unnecessary risks.

39. Defendants are liable to the Plaintiffs for all injuries and losses to Plaintiffs due to the 2010 Chevrolet Aveo and its components, which they either designed, marketed and/or sold, and was defective in design, thereby causing it to not be crashworthy.

40. The Defendants, and each of them, are liable to the Plaintiffs for all injuries and losses of Plaintiffs because said damages were the result of the 2010 Chevrolet Aveo being designed not as safe as it should have been.

41. The Defendants, and each of them, are liable to the Plaintiffs for the failure to market a product designed to minimize risks when it was reasonable to do so. The harm for which the Defendants are liable is the *additional* harm inflicted by the product because it presented an unreasonable risk of injury and because of the Defendants' carelessness and indifference to the safety of the motoring public.

42. The Defendants were careless and negligent and acted in disregard for the safety of their customers both generally and in the following specific ways:

   a. Negligently designing the vehicle so that it was not crashworthy;

   b. Negligently designing the seat/seat belt system so that it did not provide reasonable restraint in foreseeable rollover collisions;

   c. Negligently designing the vehicle from an occupant protection standpoint;

   d. Negligently testing the vehicle related to protection in rollover collisions;

  e. Negligently failing to test the vehicle to ensure the design provides reasonable occupant protection in the event of foreseeable rollover collisions;

  f. Failing to develop and require appropriate and necessary safety guidelines;

  g. Failing to meet or exceed internal corporate guidelines;

  h. Failing to inform consumers, including Plaintiff, of information the Defendants knew of the performance of the seat/seat belt system in foreseeable collisions and thus depriving consumers of the right to make a conscious and free choice;

  i. Failing to comply with the standards of care applicable to the automotive industry insofar as providing reasonable occupant protection in rollover collisions;

  j. Failing to properly design the product to adequately exceed the bare minimum standards applicable to passenger vehicles;

  k. Negligently marketing the vehicle as a safe passenger vehicle and as reasonably safe in common and reasonably foreseeable crashes; and

  l. Engaging in other acts or omissions constituting negligence and carelessness to be adduced during the pendency of this case.

43. The Defendants knew or should have known that the 2010 Chevrolet Aveo was not adequately crashworthy in that in foreseeable collisions the seat structure would not deform in a safe manner, including but not limited to, uniform and controlled fashion to provide appropriate ride-down for seat belted front seat occupants, and thereby presented a hazardous environment.

44. The Defendants knew or should have known that the 2010 Chevrolet Aveo was not equipped with reasonably safe features to protect occupants during foreseeable rollover collisions.

45. The Defendants knew that the 2010 Chevrolet Aveo's rollover collision safety system was inadequate and it kept this information from the public and marketed the product despite this knowledge.

46. The Defendants are liable to the Plaintiffs for the causative injuries resulting from the negligence, carelessness, and marketing of a non-crashworthy vehicle.

47. As a direct and proximate result of the aforementioned negligence of the Defendants, Plaintiff suffered catastrophic injuries which resulted in the Plaintiff's losses and other damages.

## COUNT III – PUNITIVE DAMAGES
## ALL DEFENDANTS

48. The Defendants acted either in conscious disregard for the rights of others including Plaintiff, or intentionally and with malice in their design, manufacturing, and marketing of the subject vehicle and its component parts, such that punitive damages are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

49. Enter a judgment in favor of Plaintiffs and against the Defendants, jointly and severally, for:

    a. Plaintiff's physical pain and suffering, past and future;

    b. Plaintiff's mental pain and suffering, past and future;

    c. Plaintiff's physical impairment;

    d. Plaintiff's loss of earning capacity;

    e. Plaintiff's lost income;

    f. Plaintiff's incurred medical expenses;

    g. Plaintiff's future medical care, treatment, and services;

    h. Plaintiff's physical impairment;

    i. Plaintiff's disfigurement;

    j. The loss of Plaintiffs' unborn child;

    k. All recoverable interest;

    l. Punitive damages as allowed by Oklahoma law;

    m. Award costs; and

    n. Grant such further and other relief as the Court, justice, or equity may require or deem proper in the circumstances.

50. The amount sought exceeds $75,000.00.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues presented.

Dated: 9/29/2020

Respectfully submitted,

Richard L. Denney, OBA No. 2297
Lydia JoAnn Barrett, OBA No. 11670
Jason E. Robinson, OBA No. 22289
**DENNEY & BARRETT, P.C.**
870 Copperfield Drive
Norman, OK  73072
Phone: 405-364-8600
Fax: 405-364-3980
rdenney@dennbarr.com
lbarrett@dennbarr.com
jrobinson@dennbarr.com
*Attorneys for Plaintiffs*

**ATTORNEY LIEN CLAIMED**